UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR CHAN-SOSA,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>   Defendants. | Case No. 15-cv-00008-SI<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 9 |

**BACKGROUND**

On January 13, 2013, plaintiff Edgar Chan-Sosa's sister was driving him and his three friends home from a San Francisco 49ers game. Complaint ¶ 11. Plaintiff was seated in the front seat, his friends were in the back "cargo area." *Id.* The vehicle was pulled over by California Highway Patrol ("CHP") Officers Allen and Jorgenson for a traffic violation. *Id.* The officers observed that the three individuals in the back seat were not wearing seat belts and that there was an open container of beer in the vehicle. *Id.* Plaintiff was not observed to have committed any violations of law. *Id.* The three passengers in the rear exited at the officers' request. *Id.* Allen directed one of them to sit down, placed his hands on his shoulder and back, pushed him into a concrete trash receptacle, knocking it over and falling on top of him. *Id.* In response plaintiff and his sister existed the car and expressed their disapproval of Officer Allen's conduct. *Id.* Officer Jorgenson removed his taser, put his hand on plaintiff's chest, and directed him to move away. *Id.* Plaintiff swatted Jorgenson's hand; in response, Jorgenson deployed his taser which struck plaintiff's left eye and right jacket sleeve, however the taser did not properly charge. *Id.* Plaintiff put his hands in the air, turned around and began to walk away. *Id.* With the taser still attached, Jorgenson employed a "stun drive" placing the taser unit into plaintiff's back and sending a charge to his eye and arm, causing serious injury. *Id.* Plaintiff was transported to Marin General Hospital

1    where he underwent emergency surgery on his eye. *Id.* He is still receiving treatment for his

2    injuries, and he may have to undergo additional surgeries to implant an artificial lens. *Id.* His left

3    eye is currently unable to focus. *Id.*

4    Plaintiff filed the present action in Marin County Superior Court on July 23, 2014; on

5    January 2, 2015, defendants removed this case to federal court. Docket No. 1. Plaintiffs alleges

6    causes of action for (1) violation of civil rights under § 1983 (against Jorgenson and Allen), (2)

7    violation of civil rights under § 1983 *Monell* liability (against the State of California, CHP,

8    Jorgenson, and Allen), (3) unlawful customs, policies, habits, or procedures under § 1983 (against

9    State of California and CHP), (4) California Constitution, Article I § 13 (against Jorgen, Allen,

10   and State of California), (5) violation of civil rights under California Civil Code § 52.1(b) (against

11   Jorgenson, Allen, State of California), (6) assault (against Jorgenson, Allen, State of California),

12   (7) battery (against State of California, Jorgenson, Allen), (8) false arrest (against the State of

13   California, CHP, Jorgenson, and Allen), (9) false imprisonment (against Jorgenson, Allen, State of

14   California), (10) intentional infliction of emotional distress (against the State of California, CHP,

15   Jorgenson, and Allen), (11)  negligence (against the State of California, CHP, Jorgenson, and

16   Allen), (12) negligent training and supervision under § 1983 (against State of California and

17   CHP), (13) conspiracy (against Jorgenson and Allen), (14) injunctive relief (against the State of

18   California, CHP, Jorgenson, and Allen). Complaint ¶¶ 17-84. Now before the Court is defendants'

19   motion to dismiss for failure to state a claim. Docket No. 9.

**DISCUSSION**

### I.   § 1983 Claims and Injunctive Relief

Defendants argue that (1) § 1983 only allows actions against "persons," therefore plaintiff's claims against state entities should be dismissed with prejudice; and (2) plaintiff's claim for injunctive relief should be dismissed with prejudice for lack of Article III standing. Def. Mot. at 5-7. Plaintiff admits that defendants "ha[ve] pointed out several errors in th[ese] claims [as] set forth in the complaint," and therefore requests leave to amend. Pl. Opp'n at 7. On May 4, 2015,

2

the Court **DISMISSED** these claims with leave to amend. Docket No. 25. **Any amended complaint must be filed no later than June 5, 2015.**

## II.    State Law Claims

Defendants argue that Chan-Sosa's state law claims must be dismissed with prejudice for failure to file this action within six months of the denial of his government claim. Def. Mot. at 8-10.

California Government Code Section 945.4 provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with ... Section 910 ... until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board...." Section 910, in turn, requires that the claim state the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and provide "[a] general description of the ... injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." A claimant has six months from the date of claim denial to file a lawsuit. Cal. Gov't Code § 945.6(a)(1); see *Castro v. Sacramento County. Fire Prot. Dist.*, 47 Cal. App. 4th 927, 929 (1996) (affirming trial court's dismissal of case filed 19 days after the 6-month limitations period, despite attorney error being the cause).

However, Cal. Gov't Code § 945.3 effectively tolls the six-month limitations period for individuals seeking to bring a civil suit for money damages against a peace officer or state entity while the individual is facing criminal charges which relate to the subject matter of the civil suit. Section 945.3 provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

3

On February 25, 2013, the government filed misdemeanor charges against plaintiff for battery against a peace officer and obstructing a peace officer, Cal. Penal Code §§ 148(a)(1), 243(b), and also filed two petitions for revocation of probation. On October 7, 2013, the government dismissed the misdemeanor charges. *See* Docket No. 10, RJN Exh. A. The probation revocation petitions remained pending until January 23, 2014 when the court found insufficient evidence to find a violation. Pl. Opp'n at 4. Plaintiff filed this action six-months later on July 23, 2014. *See* Compl.

Plaintiff timely filed his claim in compliance with Cal. Gov't Code § 945.4 with assistance of counsel; his claim was denied on August 15, 2013, which triggered the six-month clock to file suit under section 945.6(a)(1). *See* RJN Exh. B. Under the heading "Warning," the notice of denial advised plaintiff of the six-month limitations period. *Id.* Both parties agree that the criminal charges against plaintiff tolled the limitations period until October, 7, 2013; however the parties disagree as to whether the petition for revocation triggers the tolling provisions under section 945.3. If the Court finds that it does not, than plaintiff's state law claims must be dismissed with prejudice as untimely.

In their briefs, the parties dispute whether a petition for probation revocation constitutes a "criminal charge" under Section 945.3. Neither party points to any controlling case law, preferring to reason by analogy. CHP argues that probation revocation proceedings do not constitute criminal charges, and cites cases holding that those facing probation revocation are not afforded the same protections as those charged with a criminal offense, such as double jeopardy, proof beyond a reasonable doubt, and the exclusionary rule. *See* Mot. at 9-10 (citing *United States v. Winsett*, 518 F.2d 51(9th Cir. 1978); *In re Coughlin*, 16 Cal.3d 52 (Cal. 1976); *People v. Rodriguez*, 51 Cal.3d 437 (Cal. 1990)). Plaintiff's opposition cites to cases which elaborate upon the due process protections afforded to those facing revocation of probation, such as written notice, an opportunity to be heard, right to confrontation, and a neutral arbiter. *See* Pl. Opp'n at 5-6.

However, the Court need not decide this issue in order to dispose of this motion. Neither

party's brief discusses *Torres v. City of Santa Ana*, 108 F.3d 224 (9th Cir. 1997).[1] In *Torres*, the plaintiff was arrested for two misdemeanors, and as a result, the government filed a petition for arraignment on probation violation. The plaintiff was on probation for robbery committed a few years prior to his arrest for committing misdemeanors. Torres filed a civil suit alleging excessive force during his arrest relating to the misdemeanors, and attempted to avail himself of section 945.3's tolling provision. The Ninth Circuit found that section 945.3 did not apply, and held that "Torres's civil complaint is not related to the petition for arraignment because Torres's probation pertains to his 1991 robbery conviction, and not to his 1994 arrest…Although the petition was *triggered* by the arrest upon which Torres's civil complaint is based, it *relates* only to Torres's original conviction for robbery."[2] *Torres* 108 F.3d at 228; *see also De Soet v. Cnty. of Los*

---

[1] In the Court's May 4th order, it directed the parties to be prepared to address *Torres* at oral argument.

[2] In arriving at this conclusion, the Ninth Circuit relied heavily upon dicta from *Lucido v. Superior Court*, 51 Cal. 3d 335 (1990). In *Lucido*, the California Supreme Court held that collateral estoppel did not bar the state from initiating a criminal charge against a defendant who had prevailed in a probation revocation hearing which was triggered by the same underlying conduct. The court reasoned that because a revocation hearing often does not involve presentation of all the relevant evidence, the state's failure to satisfy the lower burden of proof does not necessarily "amount to an acquittal or demonstrate an inability to meet the higher criminal standard of proof." *Id.* at 348. However, what truly animated the *Lucido* court was the fundamental public policy in favor of upholding the criminal trial as the exclusive forum for the determination of guilt as to a new charge. *Id.* at 349 ("Preemption of trial of a new charge by a revocation decision designed to perform a wholly independent social and legal task would undermine the function of the criminal trial process as the intended forum for ultimate determinations as to guilt or innocence of newly alleged crimes.").

The policy that animated the California Legislature in enacting Section 945.3 was markedly different from the issues the *Lucido* court grappled with. "The purpose of [Section 945.3] is to prevent criminal defendants from using civil lawsuits to gain leverage in criminal plea bargaining." *Damjanovic v. Ambrose*, 3 Cal. App. 4th 503, 509 (1992). This logic would appear to apply with equal force whether a civil plaintiff is being charged in a criminal action or in a probation revocation proceeding. Regardless of the forum, the civil plaintiff may potentially gain an undue advantage by filing a civil complaint based on the same facts which gave rise to his prosecution by the state. The Court therefore questions whether it is appropriate to import the doctrines of collateral estoppel and double jeopardy to interpret a statute aimed at remedying an entirely unrelated problem. Nonetheless, the Court is bound to follow *Torres* and the state courts that have concurred with its reasoning.

*Angeles*, No. B201659, 2009 WL 1200875, at *14 (Cal. Ct. App. 2009) (discussing *Torres* with approval).

The facts of this case are materially indistinguishable from *Torres*. Here too, plaintiff's probation revocation petition was triggered by the arrest upon which his civil action is based, yet it "relates" to a prior unrelated offense. Therefore the limitations period was not tolled on account of the petition for probation revocation, and Chan-Sosa's state law claims are therefore time barred. Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's state law claims *with prejudice*.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's state law claims *with prejudice*, and GRANTS defendants' motion to dismiss plaintiff's federal claims, with leave to amend. **Any amended complaint must be filed no later than June 5, 2015. The initial Case Management Conference is rescheduled for July 24, 2015 at 3:00 p.m.**

**IT IS SO ORDERED.**

Dated: May 8, 2015

SUSAN ILLSTON
United States District Judge